IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY MOTT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1241-BD |
| | § | |
| HOMECOMINGS FINANCIAL | § | |
| NETWORK, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rodney Mott and his attorney, Michael Brinkley, were ordered to appear at a hearing on April 30, 2010 to show cause why plaintiff should not be sanctioned for failing to comply with a discovery order. Because neither plaintiff nor his attorney attended the show cause hearing, this action is dismissed with prejudice.

I.

On January 8, 2008, plaintiff sued defendants in Texas state court for breach of contract, fraud, defamation, negligence, negligent misrepresentation, intentional infliction of emotional distress, wrongful foreclosure, and violations of the Texas Debt Collection Act and the Texas Deceptive Trade Practices Act. An amended petition filed on or about June 3, 2009 added a claim for improper tax reporting under 26 U.S.C. § 7434. Defendants timely removed the case to federal court within 30 days after service of the amended petition. *See* 28 U.S.C. § 1446(b). Following removal, defendants served plaintiff with written interrogatories and document requests. When plaintiff failed to answer this discovery or provide dates for his deposition, defendants filed a motion to compel. That motion was resolved by an agreed order requiring plaintiff to produce documents

and serve interrogatory answers by April 9, 2010, and make himself available for a deposition on or before April 23, 2010. *See* Order, 4/2/10. Plaintiff failed to comply with those deadlines, but through his attorney, agreed to serve interrogatory answers, produce documents, and supplement his responses to document requests by April 19, 2010. That deadline also came and went without any discovery responses. Nor did plaintiff appear for a deposition on or before April 23, 2010, as ordered by the court.

At defendants' request, the court set a show cause hearing for April 30, 2010 at 11:00 a.m. The show cause order required plaintiff and his attorney to attend the hearing in person:

> then and there to show cause why plaintiff should not be sanctioned for failing to: (1) produce or identify documents responsive to Request Nos. 17, 18, 23, 30, 59-63 & 66, or otherwise state that responsive documents do not exist; (2) answer the interrogatories propounded by defendant; and (3) appear for a deposition.

*See* Order, 4/27/10. The order further provides that "[i]f plaintiff fails to appear at the show cause hearing, the court may impose additional sanctions, including striking his complaint and dismissing this action with or without prejudice." *Id.*, *citing* FED. R. CIV. P. 16(f)(1). Although counsel for plaintiff was duly notified of the show cause hearing, neither he nor his client appeared as directed. Nor did plaintiff or his attorney communicate with the court regarding their absence.

II.

Rule 16(f) of the Federal Rules of Civil Procedure provides, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A)  fails to appear at a scheduling or other pretrial conference;
>
> * * * *
>
> (C)  fails to obey a scheduling or other pretrial order.

FED. R. CIV. P. 16(f)(1). Among the sanctions contemplated by this rule are "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(iii) & (v). In addition, Rule 41(b) authorizes dismissal of a civil action for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The record in this case documents a clear history of delay and contumacious conduct by plaintiff and his attorney. Not only did plaintiff violate a discovery order, neither he nor his attorney appeared at a show cause hearing on April 30, 2010. Plaintiff was warned that his failure to appear at the hearing may result in the imposition of sanctions, including an order striking his pleadings and dismissing this action. *See* Order, 4/27/10. Despite this warning, plaintiff and his attorney did not attend the show cause hearing or communicate with the court regarding their absence. Such conduct justifies the imposition of extreme sanctions. *See, e.g. Gohe v. Seven Eleven*, No. 3-05-CV-2198-B, 2006 WL 1152682 at *1-2 (N.D. Tex. Apr. 10, 2006), *rec. adopted*, 2006 WL 1154778 (N.D. Tex. May 2, 2006) (dismissal warranted where plaintiff failed to appear for deposition and show cause hearing).

The court has considered alternate sanctions. However, lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits. Where a plaintiff refuses to obey lawful orders without justification or excuse, dismissal is warranted.

## CONCLUSION

Plaintiff failed to comply with a court order requiring him to answer written discovery by April 9, 2010, to appear for a deposition by April 23, 2010, and to attend a show cause hearing on April 30, 2010--all without justification or excuse. As a result, plaintiff's pleadings are stricken and this case is dismissed with prejudice. *See* FED. R. CIV. P. 16(f) (1) & 37(b)(2)(A)(iii) & (v).

SO ORDER.

DATED: April 30, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE